# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nicholas Lager

**DEFENDANTS**

Central Bucks Ambulance d/b/a Central Bucks Emergency Medical Services

**(b)** County of Residence of First Listed Plaintiff   Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Patricia C. Collins, Antheil Maslow & MacMinn LLP
131 W State St, Doylestown PA 18901215-230-7500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [x] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / **Habeas Corpus:** [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. Section 201 et seq.

Brief description of cause:
Action for lost wages, benefits, back pay and liquidated damages and other relief

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
May 20, 2026

SIGNATURE OF ATTORNEY OF RECORD
s/ Patricia C. Collins

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:___Bucks County, Pennsylvania_____

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?  No                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  No          Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? No  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same          Yes ☐
    individual?  No

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?          Yes ☐
    If yes, attach an explanation.   No

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  ***Federal Question Cases:***

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Wage and Hour Class Action/Collective Action
☐   6.   Patent
☐   7.   Copyright/Trademark
☒   8.   Employment
☐   9.   Labor-Management Relations
☐  10.   Civil Rights
☐  11.   Habeas Corpus
☐  12.   Securities Cases
☐  13.   Social Security Review Cases
☐  14.   Qui Tam Cases
☐  15.   Cases Seeking Systemic Relief  **\*see certification below\***
☐  16.   All Other Federal Question Cases. *(Please specify)*:_____

**B.**  ***Diversity Jurisdiction Cases:***

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☐   5.   Motor Vehicle Personal Injury
☐   6.   Other Personal Injury *(Please specify)*:_____
☐   7.   Products Liability
☐   8.   All Other Diversity Cases:  *(Please specify)*_____
            _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS LAGER<br>219 Ford Street<br>Conshohocken, PA 19428<br><br>        v.<br><br>CENTRAL BUCKS AMBULANCE d/b/a<br>CENTRAL BUCKS EMERGENCY<br>MEDICAL SERVICES<br>455 East Street<br>Doylestown, PA  18901<br><br>        and<br><br>TYLER BARD<br>455 East Street<br>Doylestown, PA  18901<br><br>        and<br><br>CHARLES PRESSLER<br>455 East Street<br>Doylestown, PA  18901<br><br>        and<br><br>STEPHANIE D'ANDREA<br>455 East Street<br>Doylestown, PA  18901 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. |

## **COMPLAINT**

Plaintiff, Nicholas Lager, by and through his undersigned attorneys, brings this civil action for damages against the above-named Defendants, Central Bucks Ambulance d/b/a Central Bucks Emergency Medical Services, Tyler Bard, Charles Pressler, and Stephanie D'Andrea, for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. §§

333.101 et seq. (the "PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 et seq. ("WPCL"). Plaintiff demands a trial by jury and complains and alleges as follows:

**PARTIES**

1.    Plaintiff Nicholas Lager is an individual who resides in Montgomery County, Pennsylvania, and is a former employee of Central Bucks Ambulance d/b/a Central Bucks Emergency Medical Services.

2.    Defendant, Central Bucks Ambulance d/b/a Central Bucks Emergency Medical Services ("Central Bucks EMS"), is an entity that provides intrastate and interstate emergency medical and transportation services to patients across significant portions of Pennsylvania, including Doylestown Borough, Buckingham Township, New Hope Borough, Upper Makefield Township, Doylestown Township, New Britain Borough, Wrightstown Township, Warminster Township, Ivyland Borough, Plumstead Township, New Britain Township, Solebury Township, and Warwick Township.

3.    At all times relevant to this Complaint, Central Bucks EMS has been located at 455 East Street, Doylestown, Bucks County, Pennsylvania 18901, and has had an annual gross volume of business of not less than $500,000.

4.    Central Bucks EMS provides emergency medical services by transporting patients interstate on state roads and interstate highways from the Commonwealth of Pennsylvania to hospitals in the State of New Jersey on a regular basis.

5.    Central Bucks EMS routinely performs emergency medical services on patients while transporting them from Pennsylvania to both Hunterdon Medical Center in Raritan Township, New Jersey and Capital Health Medical Center – Hopewell Township, New Jersey.

6. Central Bucks EMS's business operations therefore satisfy the FLSA's definition of "commerce" since it is engaged in "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

7. As such, Central Bucks EMS is an "enterprise engaged in commerce or in the production of goods for commerce" since it has employees engaged in commerce and whose annual gross volume of business is not less than $500,000. 29 U.S.C. § 203(s)(1).

8. Central Bucks EMS's emergency medical services employees, including its Paratransit Drivers and an Emergency Medical Technicians, are covered individually under Section 207(a)(1) of the FLSA since they actually transport patients between Pennsylvania and New Jersey.

9. Central Bucks EMS employs at least fifty (50) employees within a seventy-five (75) mile radius and employed more than fifty (50) employees within a seventy-five (75) mile radius during the entire time Plaintiff was employed by Defendant Central Bucks EMS.

10. Defendant Tyler Bard, is the Director of Operations or Deputy Chief of Central Bucks EMS. Upon information and belief, Bard resides in Pennsylvania.

11. Defendant, Charles Pressler, is the Executive Director or Chief of Central Bucks EMS. Upon information and belief, Pressler resides in Pennsylvania.

12. Defendant, Stephanie D'Andrea is the Administrative Manager for Central Bucks EMS. Upon information and belief, D'Andrea resides in Pennsylvania.

13. All Defendants are employers under the FMLA. 29 U.S.C. § 2611(4)(A)(2)(ii)(I).

14. All Defendants are employers under the FLSA. 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over Plaintiff's FMLA and FLSA federal claims pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b), respectfully.

16. The United States District Court for the Eastern District of Pennsylvania may properly maintain personal jurisdiction over Defendants as all Defendants reside in and/or are located within the Eastern District of Pennsylvania.

17. This Court has, and should exercise, supplemental jurisdiction over Plaintiff's PMWA and WPCL state claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

**STATEMENT OF FACTS**

19. Plaintiff first began his employment with Central Bucks EMS more than twenty (20) years ago.

20. Plaintiff routinely received good reviews and promotion to the position of Paramedic Supervisor in early 2024.

21. Despite this promotion, Central Bucks EMS continued to assign Plaintiff duties as a paramedic, with no supervisory duties.

22. Plaintiff frequently worked more than forty (40) hours a week, but he was not paid mandatory overtime for that work.

23. In January of 2025, Lager complained to Tyler Bard and Stephanie D'Andrea that he was improperly classified as an "exempt" employee, while still performing the same duties as his

non-exempt position, without the benefit of an hourly rate and overtime as required by the FLSA and PMWA.

24. Rather than rectify the situation, Central Bucks EMS and Tyler Bard and Charles Pressler threatened him with termination if such pay issues were ever raised again.

25. Lager was denied a pay raise in retaliation for his complaints about violations of the FLSA.

26. In February of 2025, Lager requested FMLA leave for the birth of his twin children.

27. At the time of this request, Lager had worked for at least 1250 hours in the previous twelve (12) months, and had worked for twelve (12) months.

28. No Defendant provided Lager with FMLA forms or otherwise advised him of his rights under the FMLA.

29. In May of 2025, Lager again complained about violations of the FLSA relating to his pay.

30. Again, other employees received pay raises, and Lager did not, in retaliation for his request for FMLA leave and his complaints about FLSA violations

31. At about the same time, Lager took leave upon the birth of his twin daughters.

32. Lager returned to work on June 18, 2025 and received positive performance reviews.

33. On July 11, 2025, Lager was suspended without explanation, and was eventually terminated on July 17, 2025.

34. Lager was not interviewed as part of this alleged "investigation."

35. Lager's suspension and termination constituted retaliation for complaints about his pay and taking FMLA leave.

36. Lager understands that Defendants terminated a similarly situated employee at about the same time for the same reasons – demonstrating a pattern of unlawful retaliation for engaging in protected activity under the FLSA and FMLA.

37. Lager has not been paid all wages and overtime wages due to him under the FLSA.

38. In or around August or September of 2025, Plaintiff applied for a position with Upper Merion Emergency Medical Services ("Upper Merion EMS").

39. On information and belief, in response to a request from Upper Merion EMS, Defendant Pressler, on behalf of Central Bucks EMS, provide false information to Upper Merion EMS regarding Plaintiff, causing Plaintiff to lose that job opportunity.

40. On information and belief, Defendant Pressler knew this information was false when he provided it, and provided the false information intentionally to cause Plaintiff to lose the job opportunity.

## COUNT I

### FMLA – RETALIATION

41. Plaintiff incorporates by reference the foregoing paragraph as if more fully set forth herein.

42. Plaintiff requested FMLA leave for the birth of his children.

43. After Plaintiff's request for FMLA leave, and less than a month after he took the FMLA leave, Defendants suspended and then terminated Plaintiff's employment without cause.

44. Plaintiff's termination was causally related to his request for FMLA leave.

45. As a result of Defendants' FMLA violations, Plaintiff has suffered damages including lost wages and benefits.

WHEREFORE, Plaintiff demands judgment in his favor, including, but not limited to, back pay and benefits, front pay or reinstatement, liquidated damages, reasonable attorneys fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II

### FLSA

46.  Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

47.  At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

48.  Defendants were the "employers" of Plaintiff, who was an "employee" covered by the FLSA. Defendants, as the employers of Plaintiff, were obligated to pay Plaintiff for all hours worked, including overtime. 29 U.S.C. § 203(s)(1).

49.  The FLSA requires the payment of minimum wage and overtime to employees who are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

50.  Defendants are subject to the pay requirements of the FLSA, including its minimum wage and overtime requirements, because it is an enterprise engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

51.  Defendants violated the FLSA by failing to pay Plaintiff for all hours worked, including both straight time and overtime hours.

52. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Alternatively, should the Court find Defendants did not act willfully, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

53. As a result of Defendants' violations of the FLSA, Plaintiff suffered and will continue to suffer damages, including, but not limited to, lost earnings, lost benefits, and other financial losses, as well non-economic damages.

WHEREFORE, Plaintiff demands judgment in his favor, including, but not limited to, back pay and benefits, liquidated damages, reasonable attorney's fees and costs, and such other and further relief as the Court deems just and proper.

**COUNT III**
**FLSA – RETALIATION**

54. Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

55. Plaintiff complained to Defendants that he was not paid appropriately under the FLSA.

56. Defendants threatened to terminate Plaintiff if any other complaints regarding duties and pay were raised.

57. Plaintiff understands that Defendants threatened other, similarly situated employees, for making similar complaints.

58. Defendants did indeed suspend and then terminate Plaintiff's employment as a result of his complaints relating to violation of the FLSA.

59. In addition, after Plaintiff's termination, Defendants took steps to interfere with Plaintiff's ability to find new employment, providing false and defamatory information in response to inquiries from prospective employers.

60. As a result of Defendants' violations of the FLSA, Plaintiff suffered and will continue to suffer damages, including, but not limited to, lost earnings, lost benefits, and other financial losses, as well non-economic damages.

WHEREFORE, Plaintiff demands judgment in his favor, including, but not limited to, back pay and benefits, liquidated damages, punitive damages, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

<u>COUNT IV</u>

**PMWA**

61. Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

62. Defendants are "employers" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g),

63. Defendants violated the wage provisions of the PMWA, including its overtime provisions, as it failed to pay Plaintiff for all hours worked, including both straight time and the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).

64. The PMWA requires that Defendants compensate Plaintiff for all hours worked, and at a rate of at least one and one-half (1½) times their usual hourly wage for each hour of overtime. 43 Pa.C.S. § 333.104(c).

65. The total amount of compensation due to Plaintiff by Defendants constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

66. Defendants' failure and refusal to pay wages was willful, intentional, and not in good faith.

67. Defendants further violated the PMWA by willfully failing to record and pay for all hours worked, including but not limited to overtime.

68. As a result of Defendants' violations of the PMWA, Plaintiff suffered and will continue to suffer damages, including, but not limited to, lost earnings, lost benefits, and other financial losses, as well non-economic damages.

WHEREFORE, Plaintiff demands judgment in his favor, including, but not limited to, back pay and benefits, liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT VI

### WPCL

69. Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

70. Defendants are "employers" as that term is defined under the WPCL, and are thereby subject to liability for wages, liquidated damages, and reasonable attorneys' fees for non-payment of salary and/or wages under the WPCL, 43 Pa.C.S. § 260.1, et seq.

71. Defendants entered into a contract with Plaintiff to compensate him for the hours he worked on behalf of Defendants.

72. As set forth herein, Plaintiff is entitled to wages which Defendants have willfully and without a good faith basis to do so, failed to pay.

73. Accordingly, wages in the form of straight time and overtime pay are due and owing to Plaintiff pursuant to Section 260.3(a) of the WPCL.

74. Defendants further violated the WPCL through their failure to pay the Plaintiff all wages due for work he performed upon his termination of employment pursuant to Section 260.5(a) of the WPCL.

75. Defendants further violated the WPCL by failing to record and pay for all hours worked by Plaintiff, including but not limited to overtime.

76. The wages withheld from Plaintiff is not the result of any bona fide dispute.

77. Defendants Pressler and Bard directed the decision not to pay the wages due.

78. As a result of Defendants' violations of the WPCL, Plaintiff suffered and will continue to suffer damages, including, but not limited to, lost earnings, lost benefits, and other financial losses.

WHEREFORE, Plaintiff demands judgment in his favor, including, but not limited to, wages due, liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT VI

### DEFAMATION v. DEFENDANTS CENTRAL BUCKS EMS AND PRESSLER

79. Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

80. All statements set forth herein were published by Defendant Pressler either in his individual capacity or as Chief of Central Bucks EMS.

81. Alternatively, some or all of Defendant Pressler's statements were made outside the scope of his official duties and authority.

82. All statements as set forth herein were maliciously and intentionally made to damage the reputation of Plaintiff and his good standing in the community, and to interfere with his ability to find employment in his chosen field.

83. Defendants Central Bucks EMS and/or Pressler knew the statements were false when they published them to Upper Merion EMS.

84. Defendants intended that the statements be published to Upper Merion EMS.

85. The statements published by Defendants regarding Plaintiff were highly offensive to Plaintiff and to a reasonable person.

86. The statements published by Defendant Central Bucks EMS and Pressler regarding Plaintiff were known by those Defendants to be false when the statements were made.

87. The statements made by Defendants Central Bucks EMS and Pressler  were made for the purpose of damaging Plaintiff's reputation in the community, and interference with his future employment.

88. Defendants' conduct was intentional and outrageous.

WHEREFORE, Plaintiff demands an award in his favor on all of his claims, including compensatory and punitive damages.

## COUNT VII

### FALSE LIGHT v. DEFENDANTS CENTRAL BUCKS EMS AND PRESSLER

89. Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

90. All statements set forth herein were published by Defendant Pressler either in his individual capacity or as Chief of Central Bucks EMS.

91.  Alternatively, some or all of Defendant Pressler's statements were made outside the scope of his official duties and authority.

92.  All statements as set forth herein were maliciously and intentionally made to damage the reputation of Plaintiff and his good standing in the community, and to interfere with his ability to find employment in his chosen field.

93.  Defendants Central Bucks EMS and/or Pressler knew the statements were false when they published them to Upper Merion EMS.

94.  Defendants intended that the statements be published to Upper Merion EMS.

95.  The statements published by Defendants regarding Plaintiff were highly offensive to Plaintiff and to a reasonable person.

96.  The statements published by Defendant Central Bucks EMS and Pressler regarding Plaintiff were known by those Defendants to be false when the statements were made.

97.  The statements made by Defendants Central Bucks EMS and Pressler  were made for the purpose of damaging Plaintiff's reputation in the community, and interference with his future employment.

98.  Defendants' conduct was intentional and outrageous.

WHEREFORE, Plaintiff demands an award in his favor on all of his claims, including compensatory and punitive damages.

## <u>COUNT VIII</u>

### TORTIOUS INTERFERENCE WITH PROSPECTIVE EMPLOYMENT v. DEFENDANTS CENTRAL BUCKS EMS AND PRESSLER

99.   Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

100. Plaintiff had a prospective employment relationship with Upper Merion EMS, for which he was qualified.

101. Plaintiff was advised by Upper Merion EMS that he would be a serious candidate for the position, but for the statements of Defendant Pressler.

102. All statements set forth herein were published by Defendant Pressler either in his individual capacity or as Chief of Central Bucks EMS.

103. Alternatively, some or all of Defendant Pressler's statements were made outside the scope of his official duties and authority.

104. All statements as set forth herein were maliciously and intentionally made to damage the reputation of Plaintiff and his good standing in the community, and to interfere with his prospective employment relationship with Upper Merion EMS.

105. Defendants Central Bucks EMS and/or Pressler knew the statements were false when they published them to Upper Merion EMS.

106. The statements made by Defendants Central Bucks EMS and Pressler were made for the purpose of damaging Plaintiff's reputation in the community, and interference with his future employment.

107. Defendants Central Bucks EMS and Pressler were not privileged to make false statements to prospective employers.

108. Defendants Central Bucks EMS and Pressler did not possess any legitimate concern for making the statements to Upper Merion EMS.

109. Defendants Central Bucks EMS and Pressler's comments were improper, and not of the type usually made in this context.

110.  Defendants Central Bucks EMS and Pressler's comments were improper because Defendant Central Bucks EMS, on information and belief, has a policy of providing only neutral references to prospective employers.

111.  The comments to Upper Merion EMS violated that policy.

112.  Defendant's conduct was intentional and outrageous.

WHEREFORE, Plaintiff demands an award in his favor on all of his claims, including compensatory and punitive damages.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury for each count set forth in this Complaint.

ANTHEIL MASLOW & MACMINN, LLP

By:  _____s/ Patricia C. Collins_____
Patricia C. Collins, Esquire
Attorney for Plaintiff

Date:  May 20, 2026